UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHOICE NURSING SERVICES, INC., | ) | CASE NO.1:06CV316 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| LOUIS SCHONFELD, ET AL., | ) | OPINION AND ORDER |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint Instanter. The Court grants Plaintiff's Motion. Furthermore, as the Amended Complaint contains no bases for federal jurisdiction, this case is remanded to Cuyahoga County Court of Common Pleas for further adjudication.

On January 23, 2006, Plaintiff filed an Amended Complaint in Cuyahoga County Court of Common Pleas alleging violations of federal and state RICO statutes. Defendant filed a Notice of Removal. The case had been proceeding in the state court for approximately two years prior to removal to this Court. After removal, Plaintiff filed a Motion to Dismiss and Motion to Remand. Both motions were denied as the Court determined removal was proper as the Amended Complaint alleged federal questions and this Court had subject matter jurisdiction. As Plaintiff's Amended Complaint has removed all federal claims this Court finds it no longer has original jurisdiction.

28 U.S.C. 1367(c)(3) states in pertinent part:

**(c)** The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--

**(1)** the claim raises a novel or complex issue of State law,
**(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
**(3)** the district court has dismissed all claims over which it has original jurisdiction, or
**(4)** in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

As there are no claims implicating original jurisdiction nor is there diversity jurisdiction, the Court declines to exercise its supplemental jurisdiction over the claims presented in the Amended Complaint.  Furthermore, as the state court has presided over nearly two years of litigation and discovery in this matter, it is the appropriate forum to adjudicate the claims remaining.  Finally, "the elimination of all federal claims gives the district court 'a powerful reason to choose not to continue to exercise jurisdiction', the decision to retain, dismiss, or remand the remaining supplemental claims is discretionary."  *State of Tennessee ex rel. John W. Pierotti v. A Parcel of Real property Municipally Known as 777 N. White Station Road, Memphis Tennessee, et al.,* 937 F. Supp. 1296, 1304 (W.D. TN. 1996) quoting *Carnegie-Mellon University v. Cohill,* 484 U.S. 343 (1988).

Therefore, the Court remands this case to the Cuyahoga County Court of Common Pleas and dismisses the action for lack of jurisdiction.

IT IS SO ORDERED.


August 21, 2006					s/ Christopher A. Boyko
Date						CHRISTOPHER A. BOYKO
						United States District Judge